Nicholas **BELLEZZA**, Plaintiff,

v.

**LIBERTY MUTUAL GENERAL INSURANCE COMPANY,**
Defendant.

**Case No: 8:17–cv–1284–MSS–AAS**

United States District Court,
M.D. Florida,
TAMPA DIVISION.

Signed 08/25/2017

Amy K. Kenyon Kenyon Law Group PLLC Bradenton, FL for Plaintiff.

David B. Krouk, Matthew J. Lavisky, Butler Weihmuller Katz Craig LLP, Melisa L. Bodnar, Tampa, FL, for Defendant.

MARY S. SCRIVEN, UNITED STATES DISTRICT JUDGE

## <u>ORDER</u>

**THIS MATTER** comes before the Court for consideration of the Motion to Dismiss (Dkt. 22) ("Motion to Dismiss") filed by Defendant Liberty Mutual General Insurance Company. On July 7, 2017, Plaintiff

filed an Amended Complaint (Dkt. 20), alleging causes of action against Defendant Liberty Mutual General Insurance Company. On July 20, 2017, Defendant filed a Motion to Dismiss arguing that Plaintiff's Amended Complaint must be dismissed because

Liberty Mutual Insurance Company did not issue the insurance contract to Plaintiff. LM General Insurance Company issued it. Liberty Mutual Insurance Company is not "doing business as" LM General Insurance Company. LM General Insurance Company is an independent entity registered to do business in Florida. The lawsuit should be against LM General Insurance Company.

(Dkt. 22)

In lieu of filing a response, Plaintiff filed a Motion for Leave to File Second Amended Complaint. (Dkt. 31) ("Motion to Amend") In the Motion to Amend, Plaintiff seeks leave "to change the style of the case to add a party Defendant, LM General Insurance Company, and to drop any other parties named, leaving LM General Insurance Company as the sole Defendant." (Dkt. 31 at ¶ 6) Plaintiff also asserts that "Defendant, Liberty Mutual Insurance Company, was served with the initial Complaint in this action. However, LM General Insurance Company may not have notice of this lawsuit, and service of process would need to be obtained as to LM General Insurance Company." (Id. at ¶ 12) Plaintiff represents that Defendant does not oppose this substitution. (Id. at ¶ 5)

Rule 15 of the Federal Rules of Civil Procedure provides when a party may amend its pleadings. Fed. R. Civ. P. 15. Rule 15 also governs when a party seeks to amend to add a new party to an action. (Id.) In this regard, Rule 15(c)(1)(C)(i)–(ii) provides that an amendment relates back to the original filing when the amendment changes the party against whom the claim is asserted if the added party received notice of the action such that it will not be prejudiced and knew or should have known that the action would have been brought against it. Fed. R. Civ. P. 15(c)(1)(C)(i)–(ii). See, e.g., Itel Capital Corp. v. Cups Coal Co., Inc., 707 F.2d 1253, 1258 (11th Cir. 1983) (holding Rule 15(c) applies where the amended complaint adds a new defendant, in addition to naming the original defendant). Rule 15 is not the most appropriate vehicle by which to resolve the issue presented here in light of the fact that LM General Insurance Company and Liberty Mutual Insurance Company are two separate and distinct entities and LM General Insurance Company may not have notice of this lawsuit. Moreover, Plaintiff does not seek to add a new defendant; rather, Plaintiff seeks to essentially substitute the sole Defendant Liberty Mutual Insurance Company with LM General Insurance Company.

To this point, Rule 25 allows the substitution of a defendant in the case of the death of the party, transfer of interest, or death or resignation of a public official. Fed. R. Civ. P. 25. Again, based on the pleadings, it appears that LM General Insurance Company and Liberty Mutual Insurance Company are two separate and distinct entities, and Plaintiff has not indicated that any of the aforementioned circumstances exist in this case to render Rule 25 applicable. Notwithstanding the Parties' agreement to the proposed substitution, an agreement not joined in by the affected entity, the Court deems the appropriate course of action is to dismiss this action without prejudice so that Plaintiff can file a new complaint that asserts her causes of action against the proper defendant and serve that defendant, as mentioned in her response to the Court's Show Cause Order.

Accordingly, it is **ORDERED**

1. Defendant Liberty Mutual General Insurance Company's Motion to Dismiss (Dkt. 22) is **GRANTED.** This action is **DISMISSED WITHOUT PREJUDICE** so that Plaintiff may file her cause of action against the proper defendant and effectuate service on that defendant in accord with Rule 4.

2. Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. 31) is **DENIED as moot.**

3. The Clerk is **DIRECTED** to **TERMINATE** any pending motions and **CLOSE** this case.

**DONE and ORDERED** in Tampa, Florida, this 25th day of August, 2017.